S carburó, J.
delivered the opinion of the Court.
This information is fatally defective, whether we consider it as an information upon the 17th, or upon the 3d section of the statute of March 3, 1840. It is clearly not good as an information upon the 17th section, because it charges that the ardent spirits were not to be drunk where sold; and we think it equally clear, that it is not good as an information upon the 3d section, because it wholly omits any averment to the effect, that the ardent spirits were sold, otherwise than is in the statute expressly provided. No argument is necessary to shew the truth of the first branch of this proposition ; and the latter is fully sustained by the well settled principles of criminal pleading.
It is a general rule, that indictments upon statutes must state all the circumstances which constitute the definition of the offence in the act, so as to bring the defendant precisely within it. 1 Chitty’s Crim. Law 282. There can be no doubt, that in an information or indictment upon the 17th section of the statute of March *592 3, 1840, it is necessary to negative the possession of the license required by law, to authorize the retailing of ardent spirits to be drunk at the place where sold. Rex v. Hanson, K. B. Mic. T. 2 Geo. 4, Dickinson’s Just. vol. 1, Ap. 776. Under that section it is no offence to retail ardent spirits to be drunk at the place where sold ; on the contrary, when done under the authority of an ordinary license and certificate, it is expressly sanctioned by law. It only becomes an offence, when committed without an ordinary license and certificate. The want of such license and certificate is, therefore, one of the essential constituents of the offence created by that section ; and an indictment or information, in which it should not be averred, would not state all the circumstances which constitute the definition of the offence in the act, and would, consequently, be ill upon general demurrer.
In the case of Com. v. Peas, 4 Leigh 692, 2 Gratt. 629, an indictment on the statute, 1 Rev. Code, ch. 111, § 30, for feloniously and fraudulently taking and removing a slave from one county to another, with intent to defraud the owner and deprive him of his property, was held fatally defective, after verdict, for want of an averment, that the slave was so taken and removed without the consent of the owner. “The absence of the slave owner’s consent,” say the court in that case, “ is expressly required in the statutory description, and is a constituent of the offence. That constituent is equally essential as the other terms with which it is connected, to complete the description of the felony.”
In applying these principles to this case, it becomes perfectly manifest that the want of the license and certificate required by the statute of March 3, 1840, is a constituent of the offence created by the 3d section of that statute. That offence is not the selling of ardent spirits not to be drunk at the place where sold, but such selling, othenoise than is by that statute expressly pro *593 vided. An information, therefore, in which that offence is designed to be charged, must contain an averment to this effect. There is no such averment in the information in this case. JIoio such averment should be made, whether in the very language of the statute or otherwise, this Court does not now determine, because the question does not arise upon this record. But that such an averment is necessary in some form is clear, both upon principle and authority.
This Court is, therefore, of the opinion, and doth decide, that the judgment of the Court below be affirmed.